**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

      Plaintiff,

v.

GETRUDE LEWIS and WILLIAM LEE
LEWIS, as Trustees of the Gertrude Lewis
Revocable Trust Dated April 10, 1990 and
MARRIOTT HOTEL SERVICES, LLC,

      Defendants.

_____/

**COMPLAINT**

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually (hereinafter "Plaintiff"),

sues GETRUDE LEWIS and WILLIAM LEE LEWIS, as Trustees of the Gertrude Lewis

Revocable Trust Dated April 10, 1990, and MARRIOTT HOTEL SERVICES, LLC (hereinafter

"Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1.      This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs

pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA").

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C.

§ 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen

years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4.      At all times material, Defendants, GETRUDE LEWIS and WILLIAM LEE

LEWIS, as Trustees of the Gertrude Lewis Revocable Trust Dated April 10, 1990 and

MARRIOTT HOTEL SERVICES, LLC, own and operate the commercial property and hotel

1

business located at 1201 NW 42nd Ave, Miami, FL 33126, (hereinafter the "Commercial Property/Hotel Business") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

5.      At all times material, Defendant, MARRIOTT HOTEL SERVICES, LLC, was and is a Foreign Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Bethesda, Maryland. Defendant, MARRIOTT HOTEL SERVICES, LLC, holds itself out to the public as "RESIDENCE INN BY MARRIOTT".

6.      Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

7.      Although over thirty-three (33) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

8.      Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants have continued to discriminate against people who are disabled in ways that block them from access and use of Defendants' property and the businesses therein.

9.      The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

10.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with

disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He has lower paraplegia, which inhibits him from walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

11.    The Plaintiff is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

12.    He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty-three (33) years after the legislation of the ADA, to no avail. The Plaintiff is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

13.    Defendants, GETRUDE LEWIS and WILLIAM LEE LEWIS, as Trustees of the Gertrude Lewis Revocable Trust Dated April 10, 1990 and MARRIOTT HOTEL SERVICES, LLC, own, operate, and oversee the Commercial Property/Hotel Business its general parking lot, paths of travel and walkways, the common areas of the hotel business and the hotel rooms located at the Commercial Property/Hotel Business in Miami-Dade County, Florida, that is the subject of this Action.

14.    The subject Commercial Property/Hotel Business is open to the public. The individual Plaintiff visited the Commercial Property/Hotel Business on February 15, 2026

through February 16, 2026, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property/Hotel Business. He visits the Commercial Property/Hotel Business, in order to avail himself of the goods and services offered there, and because it is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property/Hotel Business on August 17, 2026, in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

15.     The Plaintiff found the Commercial Property/Hotel Business to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property/Hotel Business and wishes to continue his patronage and use of the premises.

16.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property/Hotel Business. The barriers to access at the Commercial Property/Hotel Business have each denied or diminished Plaintiff's ability to visit the Commercial Property/Hotel Business and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, as a disabled individual.

17.     Defendants, GETRUDE LEWIS and WILLIAM LEE LEWIS, as Trustees of the Gertrude Lewis Revocable Trust Dated April 10, 1990 and MARRIOTT HOTEL SERVICES, LLC own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, GETRUDE LEWIS and WILLIAM LEE LEWIS, as Trustees of the Gertrude Lewis Revocable Trust Dated April 10, 1990 and MARRIOTT HOTEL SERVICES, LLC, are responsible for complying with the obligations of the ADA. The place of public accommodation where Defendants, GETRUDE

LEWIS and WILLIAM LEE LEWIS, as Trustees of the Gertrude Lewis Revocable Trust Dated April 10, 1990, and MARRIOTT HOTEL SERVICES, LLC, own and/or operate are the Commercial Property and hotel business located at 1201 NW 42nd Ave, Miami, FL 33126.

18.     Defendants, GETRUDE LEWIS and WILLIAM LEE LEWIS, as Trustees of the Gertrude Lewis Revocable Trust Dated April 10, 1990, and MARRIOTT HOTEL SERVICES, LLC, are jointly liable and responsible for all the violations listed in Count I of this Complaint.

19.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property/Hotel Business, and with respect to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property/Hotel Business, in violation of the ADA. Plaintiff desires to visit the Commercial Property/Hotel Business, not only to avail himself of the services available at the Commercial Property/Hotel Business, but to assure himself that the Commercial Property/Hotel Business are in compliance with the ADA, so that he will have full and equal enjoyment of the Commercial Property/Hotel Business without fear of discrimination.

20.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property/Hotel Business located therein, as prohibited by 42 U.S.C. § 12182 et seq.

### COUNT I – ADA VIOLATIONS AS TO DEFENDANTS
### GETRUDE LEWIS and WILLIAM LEE LEWIS, as Trustees of the Gertrude Lewis
### Revocable Trust Dated April 10, 1990 and MARRIOTT HOTEL SERVICES, LLC

21.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through

20 above as though fully set forth herein.

22.       Defendants, GETRUDE LEWIS and WILLIAM LEE LEWIS, as Trustees of the Gertrude Lewis Revocable Trust Dated April 10, 1990 and MARRIOTT HOTEL SERVICES, LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property/Hotel Business, include but are not limited to, the following:

A.  <u>Parking</u>

i.     Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

i.     Plaintiff had difficulty entering the pool area without assistance, as there are gates with less than 18" of latch side clearance on the pull side of the gate. Violation: The required latch side clearance is not provided at each pool gate and there is no directional signage to the location of an accessible gate, violating Sections 4.1.2(7c) and 4.13.6 of the ADAAG and Figure 25(a) of the ADAAG and Sections 216.3 and 404.2.4 of the 2010 ADA Standards,

6

whose resolution is readily achievable.

ii.  Plaintiff had difficulty entering the pool area without assistance, as the gate lock hardware is mounted too high. Violation: The pool gate has non-compliant hardware for disabled patrons, violating Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  Plaintiff had difficulty passing through entrances without assistance, as the required maneuvering clearance is not provided. Violation: There are entrance doors that do not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

C. Public Restrooms

i.  Plaintiff could not use the accessible toilet compartment door without assistance, as it does not have compliant door hardware on both sides of the door. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  Plaintiff could not use the toilet seat cover dispenser without assistance as it is mounted at a location where the clear floor space to access it is not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG and Section 305.3 of the 2010 ADA Standards, whose resolution is

readily achievable.

    iv.   Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    C.  Accessible Guestrooms

i.   The required number of compliant accessible guestrooms is not provided, violating Section 9.1.2 of the ADAAG and Section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The rooms designated for disabled use do not provide the required number of guestrooms with compliant roll-in showers for use by the disabled, violating Section 9.1.2 of the ADAAG and Section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The accessible guestrooms are not dispersed among the various classes of sleeping accommodations available to patrons, violating Section 9.1.4 of the ADAAG and Section 224.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The required number of accessible guestrooms with compliant bathtubs is not provided, violating Section 9.1.2 of the ADAAG and Section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   Plaintiff could not access the drapery wands without assistance as they are mounted at a location where the clear floor space to access them is not provided. Violation: The clear floor space provided at elements in the guestroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG and Section 305.3 of the 2010 ADA Standards, whose resolution

is readily achievable.

vi.   Plaintiff had difficulty moving within the guestroom, as the required 36" path is not provided. Violation: The rooms designated for disabled use do not provide 36" continuous path of travel connecting all essential elements in the guestroom, violating Sections 4.2.1, 4.3.3, & 9.2.2(2) of the ADAAG and Section 403.5.1 & 806.2.3, whose resolution is readily achievable.

## <u>RELIEF SOUGHT AND THE BASIS</u>

23.   Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA identified in this Complaint in conjunction with Rule 34 and timely notice. Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

24.   The individual Plaintiff has been denied access to and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by the Defendants, Defendants' Commercial Property/Hotel Business, and facilities therein; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA, as requested herein. Plaintiff requests the inspection of the barriers listed herein in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

25.   Defendants have discriminated against the individual Plaintiff by denying him

9

access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, such as the Plaintiff; and by failing to take such efforts that may be necessary to ensure that no individual with a disability, such as the Plaintiff, is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation. The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

28. Notice to a defendant is not required as a result of the defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff's injunctive relief, including an order to alter the Commercial Property/Hotel Business located at 1201 NW 42nd Ave, Miami, FL 33126, to make those facilities readily accessible and useable to the Plaintiff; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities, such as the Plaintiff, to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are required by the ADA to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, such as the Plaintiff; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: May 11, 2026

Respectfully submitted by,

**GARCIA-MENOCAL, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 553-3464
Primary E-Mail: aquezada@lawgmp.com
Secondary E-Mails: yabdalla@lawgmp.com

By: ___/s/_Alfredo Garcia-Menocal_
ALFREDO GARCIA-MENOCAL
Florida Bar No.: 533610

**THE LAW OFFICE OF RAMON J. DIEGO, P.A.**

11

*Attorneys for Plaintiff*
5001 SW 74th Court, Suite 103
Miami, FL, 33155
Telephone: (305) 350-3103
Primary E-Mail: rdiego@lawgmp.com
Secondary E-Mail: ramon@rjdiegolaw.com


By: _____ */s/ Ramon J. Diego* _____
         RAMON J. DIEGO
         Florida Bar No.: 689203

12